**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.**

LESLIE JULI,

    Plaintiff,

v.

DELRAY BEACH KOSHER SUPERMARKET, LLC
d/b/a GLICKS KOSHER MARKET,
a Florida Limited Liability Company

    Defendant.
_____/

**COMPLAINT**

Plaintiff, LESLIE JULI (hereinafter, "JULI" or "Plaintiff"), by and through his counsel, hereby files his Complaint against Defendant, DELRAY BEACH KOSHER SUPERMARKET, LLC d/b/a GLICKS KOSHER MARKET (hereinafter, "GLICKS" or "Defendant"), a Florida profit corporation, and says:

**JURISDICTION AND VENUE**

1. This is an action brought against Defendant pursuant to Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et. seq*.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a catering manager.

6. Defendant is a limited liability company organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Delray Beach, Palm Beach County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida. Specifically, Plaintiff worked in Delray Beach, Florida and all actions complained of herein took place at that location and within the Southern District of Florida.

7. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it included a FMLA provision in its Employee Handbook. A copy of the handbook provision is attached hereto as Exhibit "A".

8. By May 2019, Plaintiff had been employed by Defendant for over 12 months, and he had performed at least 1,250 hours of service for Defendant during the previous 12-month period. Plaintiff was therefore an eligible employee under the FMLA, 29 U.S.C. § 2611(2).

## GENERAL ALLEGATIONS

9. Plaintiff had been working for GLICKS for approximately thirteen (13) years until his termination on or about May 9, 2019

10. Plaintiff was employed as a catering manager at the time of his termination.

11. On or about February 28, 2019, Plaintiff had an open-heart surgery. Plaintiff took some time off after the surgery and was scheduled to return to work on or about May 9, 2019.

12. Upon Plaintiff's return to work on May 9, 2019, GLICKS' manager, Schlomo Goldman advised Plaintiff that GLICKS no longer needed Plaintiff's services.

13. Plaintiff also learned after his termination that his health insurance with GLICKS was cut off as of April 30, 2019.

14. As of May 9, 2019, Plaintiff was able to return to work and perform essential functions of his job without restrictions.

15. Defendant does not have a business necessity for terminating Plaintiff. Further, Defendant interfered with Plaintiff's exercise of his FMLA rights, by failing to provide him with notice designating his requested time off as qualified FMLA leave.

16. As a result of Defendant's actions, Plaintiff has had to retain the undersigned and is therefore entitled to fees if he is the prevailing party.

17. Plaintiff has incurred damages as a result of Defendant's illegal activities, including lost pay.

## COUNT I: VIOLATION OF THE FMLA
## (INTERFERENCE)

18. Plaintiff re-alleges and re-avers paragraphs 1 – 17 as fully set forth herein.

19. Plaintiff was eligible for FMLA leave to care for his own serious medical condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

20. Plaintiff requested time off for his severe medical conditions, specifically his open-heart surgery, which was approved.

21. On May 9, 2019, Plaintiff returned to work without restrictions, only to be advised that his services were no longer needed.

22. Defendant has an FMLA provision in its Employee Handbook, but failed to notify Plaintiff that his request for leave could be designated as FMLA leave and the amount of time that would count against his FMLA leave entitlement.

23. Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave, and be restored to his position.

24. Though Defendant's Manager Schlomo was well aware of Plaintiff's request for leave for his serious health conditions, Schlomo never provided with Plaintiff with any notice about his FMLA entitlement, but instead decided to terminate him upon his return to work.

25. As a direct result of his termination, Plaintiff has suffered lost wages and had no choice but to take early social security benefits.

26. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to his loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

27. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

28. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

29. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff LESLIE JULI requests judgment for:

    a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff LESLIE JULI demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: October 17, 2019.

        **LAW OFFICES OF CHARLES EISS, P.L.**
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 308
        Plantation, Florida 33324
        (954) 914-7890 (Telephone)
        (855) 423-5298 (Facsimile)

By:   /s/ Charles Eiss
      CHARLES M. EISS, Esq.
      Fla. Bar #612073
      Chuck@icelawfirm.com
      TIEXIN YANG, Esq.
      Fla. Bar #1010651
      tiexin@icelawfirm.com